IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA LEWIS<br>11003 McCracken Rd.<br>Garfield Hts., OH 44125 | )<br>)<br>) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | )<br>) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **DAMAGES AND** |
| AMERICAN MEDICAL TECHNOLOGY, INC. | ) | **REINSTATEMENT** |
| c/o Acme Agent, Inc. | ) | |
| 41 South High Street, Suite 2800 | ) | **Jury Demand Endorsed Herein** |
| Columbus, OH 43215 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| MARCIE ROCKICH | ) | |
| c/o American Medical Technology, Inc. | ) | |
| 8006 Katherine Blvd. | ) | |
| Brecksville, OH 44141 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Laura Lewis, by and through undersigned counsel, as her complaint against the Defendants, states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Lewis is a resident of the city of Garfield Heights, county of Cuyahoga, state of Ohio.

2. American Medical Technology, Inc. ("AMT") is a domestic corporation that is principally located in Cuyahoga County, state of Ohio.

3. Rockich is a resident of the state of Ohio.

4. Rockich is a "person" for purposes of 29 U.S.C. § 2611(4)(A)(ii)(I) who acted in the interest of AMT.

5. All material events alleged in this complaint occurred in county of Cuyahoga.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Lewis is alleging a federal law claim under the Americans with Disabilities Act ("ADA") and 29 U.S.C. §2601 *et seq.*, The Family and Medical Leave Act ("FMLA") as amended.

7. This Court has supplemental jurisdiction over Lewis's state law claims pursuant to 28 U.S.C. § 1367 as Lewis's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

9. Within 300 days of the conduct alleged below, Lewis filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant AMT.

10. On or about February 14, 2024, the EEOC issued and mailed a Notice of Right to Sue letter to Lewis.

11. Lewis received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) – which has been attached hereto as Plaintiff's Exhibit A.

12. Lewis has filed this complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Lewis has properly exhausted her administrative remedies pursuant to 29 C.F.R. 1614.407(b).

## FACTS

14. Lewis is a former employee of AMT.

15. AMT hired Lewis in or around August 4, 2014.

16. Lewis worked for AMT as a Molding Machine Operator.

17. At all times during her employment, Lewis suffered from Asthma and related medical conditions.

18. Lewis had a qualifying disability during her employment.

19. Alternatively, AMT perceived Lewis as being disabled.

20. Asthma is a physical impairment.

21. Asthma substantially limits one or more of Lewis's major life activities, including breathing, especially during a flare up.

22. In 2018, as a result of her disability, Lewis was approved for intermittent leave under the Family Medical Leave Act ("FMLA").

23. Under the FMLA schedule, Lewis was allotted up to three (3) days of leave per week with additional hours each week for doctor's appointments as required.

24. While Lewis received leave under FMLA, she did not utilize it often.

25. Lewis renewed her FMLA on a yearly basis.

26. On most occasions, Lewis would utilize 1.25 hours of FMLA to leave early when her Asthma flared up.

27. Lewis was told that AMT entered their employee's FMLA in 10-15 minute increments.

28. In January 2023, Lewis provided a written witness statement in an EEOC case for Lawanda Morgan against AMT.

29. In March 2023, Lewis provided a second written statement to Lawanda's attorney.

30. Upon information and belief, AMT was aware of the statements Lewis provided.

31. On March 28, 2023, Lewis attended work and felt an asthmatic episode developing.

32. Lewis attempted to work the entire day but was unable to finish the last portion of her shift.

33. Lewis entered 1.25 hours of FMLA to cover the remainder of her shift.

34. It is upon information and belief that following this date, AMT reported to the third-party leave administrator, TASC, that Lewis still had 55.5 hours of FMLA remaining.

35. On April 5, 2023, Lewis again utilized her FMLA leave due to her asthma and left at 1:45pm that day.

36. Without her knowledge, AMT recorded half an attendance point against Lewis for leaving.

37. On April 7, 2023, after discovering she was assessed half a point, Lewis contacted Marcie Rockich ("Rockich"), Human Resources Director at AMT.

38. Rockich falsely claimed that Lewis had entered her time wrong and accused Lewis of "Getting away with it for years."

39. Lewis was understandably confused by the accusations.

40. On April 12, 2023, Lewis utilized her paid-time-off ("PTO").

41. That same afternoon, Rockich surprised Lewis with a phone call, advising her that AMT was terminating her employment due to her usage of FMLA.

42. Lewis attempted to explain that she had not misused her FMLA.

43. Lewis checked with TASC to ensure that she had leave remaining, which could have been used to correct any alleged issues with her FMLA reporting.

44. TASC confirmed that Lewis had time left under FMLA.

## COUNT I: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

### (Against All Defendants)

45. Lewis restates each and every prior paragraph of this complaint as if it were fully restated herein.

46. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

4

47. AMT is a covered employer under the FMLA.

48. During her employment, Lewis qualified for FMLA leave.

49. During her employment, Lewis used qualified FMLA leave.

50. Defendants interfered with Lewis' use of qualified FMLA leave.

51. Defendants interfered with Lewis' use of FMLA leave by wrongfully accusing her of misreporting or misusing her approved FMLA leave.

52. Defendants unlawfully interfered with Lewis's exercise of her rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

53. Defendants' termination of Lewis for using protected FMLA leave violated and interfered with Lewis 's FMLA rights.

54. Defendants violated section 825.300(c)(1) of the FMLA and interfered with Lewis' FMLA rights when they did not honor Lewis' approved use of FMLA leave.

55. Rockich directly participated in the interference of Lewis' FMLA leave.

56. As a direct and proximate result of Defendants' conduct, Lewis is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

## COUNT II: RETALIATION IN VIOLATION OF THE FMLA

### (Against All Defendants)

57. Lewis restates each and every prior paragraph of this complaint as if it were fully restated herein.

58. During her employment, Lewis utilized FMLA leave.

59. After Lewis utilized her qualified FMLA leave, Defendants retaliated against Lewis.

60. Defendants retaliated against Lewis by terminating her employment.

61. Defendants willfully retaliated against Lewis in violation of U.S.C. § 2615(a).

62. Rockich directly participated in the retaliation against Lewis based on her FMLA leave, including wrongfully accusing Lewis of misusing her FMLA leave.

63. As a direct and proximate result of Defendants' wrongful conduct, Lewis is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

### COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

**(Against Defendant AMT)**

64. Lewis restates each and every prior paragraph of this complaint as if it were fully restated herein.

65. Lewis suffers from Asthma.

66. Lewis is disabled pursuant to 42 U.S.C. §12102.

67. AMT perceived Lewis as being disabled.

68. Lewis's conditions constitute a physical impairment.

69. Lewis's conditions substantially impaired one or more of her major life activities including working.

70. AMT perceived Lewis's conditions to substantially limit one or more of her major life activities including working.

71. AMT treated Lewis differently than to her similarly situated employees based on her disabling conditions.

72. Despite Lewis's actual or perceived disabilities, Lewis was still able to perform all the essential functions of her job.

73. On or about April 12, 2023, AMT terminated Lewis's employment.

74. AMT terminated Lewis's employment based her disability.

75. AMT violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. when they discharged Lewis based on her disability.

76. AMT violated 42 U.S.C. § 12112(a) by discriminating against Lewis based on her disabling condition.

77. As a direct and proximate result of AMT's conduct, Lewis suffered and will continue to suffer damages.

## COUNT IV: FAILURE TO ACCOMMODATE UNDER THE ADA

### (Against Defendant AMT)

78. Lewis restates each and every prior paragraph of this complaint as if it were fully restated herein.

79. Lewis informed AMT of her disabling condition.

80. AMT knew of Lewis's disabling condition.

81. Lewis requested accommodations from AMT to assist with her disabilities including requesting time off with regard to flare ups in her asthma.

82. Lewis's requested accommodations were reasonable.

83. There were accommodations available that would have been effective and would not have posed an undue hardship to AMT.

84. AMT failed to provide an accommodation.

85. Alternatively, AMT withdrew and/or failed to uphold its accommodation to Lewis.

86. AMT violated the ADA 42 U.S.C. § 12101 *et seq*.

87. As a direct and proximate result of AMT conduct, Lewis suffered and will continue to suffer damages.

## COUNT V: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.02

### (Against Defendant AMT)

88. Lewis restates each and every prior paragraph of this complaint as if it were fully restated herein.

89. Lewis is disabled under R.C. § 4112.02.

90. AMT perceived Lewis as being disabled.

91. Lewis's conditions constitute a physical impairment.

92. Lewis's conditions substantially impaired one or more of her major life activities including working.

93. AMT perceived Lewis's conditions to substantially limit one or more of her major life activities including working.

94. AMT treated Lewis differently than to her similarly situated employees based on her disabling conditions.

95. Despite Lewis's actual or perceived disabilities, Lewis was still able to perform all the essential functions of her job.

96. On or about April 12, 2023, AMT terminated Lewis's employment.

97. AMT terminated Lewis's employment based her disability.

98. AMT violated R.C. § 4112.02 when it discharged Lewis based on her disability.

99. AMT violated R.C. § 4112.02 by discriminating against Lewis based on her disabling condition.

100. As a direct and proximate result of AMT's conduct, Lewis suffered and will continue to suffer damages.

## COUNT VI: FAILURE TO ACCOMMODATE UNDER R.C. § 4112.02

### (Against Defendant AMT)

101. Lewis restates each and every prior paragraph of this complaint as if it were fully restated herein.

102. Lewis informed AMT of her disabling condition.

103. AMT knew of Lewis's disabling condition.

104. Lewis requested accommodations from AMT to assist with her disabilities including requesting time off with regard to flare ups in her asthma.

105. Lewis's requested accommodations were reasonable.

106. There were accommodations available that would have been effective and would not have posed an undue hardship to AMT.

107. AMT failed to provide an accommodation.

108. Alternatively, AMT withdrew and/or failed to uphold its accommodation to Lewis.

109. AMT violated R.C. § 4112.02.

110. As a direct and proximate result of AMT conduct, Lewis suffered and will continue to suffer damages..

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands from Defendants the following:

(a) Issue an order requiring AMT to restore Plaintiff to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Plaintiff for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award against each Defendant of punitive damages, per claim to be proven at trial;

(d) An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such to her relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/Fred M. Bean*
Fred M. Bean (0086756)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email:  Fred.Bean@spitzlawfirm.com

*Attorney For Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury by the maximum number of jurors permitted.

*/s/Fred M. Bean*
Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**